**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KRISTINA MILLER,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Commissioner
of Social Security Administration,

Defendant-Appellee.

No.     17-16126

D.C. No. 2:15-cv-01419-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 5, 2019 [**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Kristina Miller appeals the district court order affirming the Social Security

Administration's denial of disability benefits. We have jurisdiction pursuant to 28

U.S.C. § 1291. We review the district court order de novo and the agency decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). We affirm.

The ALJ gave clear and convincing reasons supported by substantial evidence for finding that Miller's testimony was not entirely credible. *Id.* at 1014-15 (setting forth the clear and convincing standard). Miller's testimony about her symptoms and daily activities was inconsistent with medical testing, treatment notes, and other statements she made in the record. The ALJ could reject the testimony for these reasons. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). The ALJ's adverse credibility findings were sufficiently specific to satisfy *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). The ALJ identified the relevant testimony, gave specific reasons for rejecting the testimony, and cited to the relevant record. *Id.* at 493-94.[1]

The ALJ also gave a germane reason for giving less weight to the opinion of Miller's husband. The statement was inconsistent with the medical record. *Greger*

---

[1]We reject the ALJ's observation that because marijuana is illegal under federal law, Miller's use of it "does not enhance her credibility" notwithstanding that her use was legal under state law. The discrepancy between the federal and state marijuana laws does not bear on her credibility one way or the other. However, this error was harmless in light of the totality of the ALJ's order. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

*v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ gave specific and legitimate reasons supported by substantial evidence for finding that Dr. Young's mental assessment was more consistent with the record as a whole than Dr. Mitchell's opinion. *Garrison*, 759 F.3d at 1012 (setting forth the standard). Dr. Mitchell's opinion was inconsistent with treatment notes and Miller's daily living activities and heavily relied on Miller's subjective complaints, which the ALJ found not credible. The ALJ could give less weight to the opinion for these reasons. *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017); *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014). Dr. Young's assessment, which was supported by independent examination notes and objective test results and consistent with other evidence in the record, provided substantial evidence to support the ALJ's mental assessment. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also gave specific and legitimate reasons supported by substantial evidence for giving little weight to the opinions of Dr. Silverman, Dr. Johnson, and Dr. Moschonas. The opinions were inconsistent with treatment notes and objective testing and less consistent with the record as a whole than the opinions of Dr. Wright and Dr. Bargan. The opinions of Dr. Silverman and Dr. Johnson also

3

heavily relied on Miller's subjective complaints, which the ALJ found not credible. The ALJ could give less weight to the opinions for these reasons. *Ghanim*, 763 F.3d at 1162; *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

**AFFIRMED.**